IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXAVIA WAFER, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-1665-B-BK |
| | § | |
| QUIKTRIP CORPORATION, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 16, this cause is now before the Court for a ruling on Defendant's *Second Motion to Enforce Court Orders, and for Sanctions*, Doc. 67. For the following reasons, Defendant's motion should be **GRANTED IN PART**.[1]

**I.     PROCEDURAL HISTORY**

On February 2, 2021, the Court granted Defendant's unopposed *Motion to Compel Plaintiff's Discovery*, ordering Plaintiff to supplement his responses to Defendant's interrogatories and requests for production (the "Discovery Order"). Doc. 37. The Court subsequently awarded Defendant attorneys' fees for the $2,653.00 it incurred in filing the motion and directed Plaintiff to pay the award within 45 days (the "Fee Award"). Doc. 66. Meanwhile, Plaintiff supplemented his discovery responses but Defendant, believing that the responses were still lacking, filed its First Motion. Doc. 56. Plaintiff did not respond to the motion. When

---

[1] The Court has on this date terminated as moot Defendant's *Motion to Enforce Court Order Compelling Plaintiff's Discovery, and for Sanctions* ("First Motion"), Doc. 56, as the relief requested is subsumed within the instant motion.

Plaintiff also did not timely pay the Fee Award, Defendant filed the instant motion requesting that the Court (1) find Plaintiff in contempt of the Discovery Order and Fee Award; (2) issue further sanctions against Plaintiff including dismissal of his case with prejudice; and (3) order Plaintiff to reimburse Defendant for its attorneys' fees and expenses in connection with both the First Motion and the instant motion.  Doc. 68 at 24-25.  Again, Plaintiff did not respond.

## II.    APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide discovery, the court may impose the following sanctions:

>  (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

The court must consider several factors before granting dismissal with prejudice as a discovery sanction, including whether (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation of the discovery order is attributable to the client rather than his attorney; (3) the violation "substantially prejudice[d] the opposing party"; and (4) a lesser sanction would not "substantially

achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citations omitted).  Finally, instead of or in addition to these remedies, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

## III.  ANALYSIS

### A.  Discovery Sanctions

Dismissal of this action with prejudice is warranted due to Plaintiff's flagrant disregard of the Court's orders.  First, Plaintiff has a well-documented history of failing to reply to motions, shirking his discovery obligations and, as described above, failing to comply with Court orders. *See, e.g.*, Doc. 18; Doc. 37; Doc. 56; Doc. 67; *Conner*, 20 F.3d at 1380.[2]  Plaintiff's refusal to fully comply with the Discovery Order and Fee Award are at least partly attributable to him. While represented by various attorneys, Plaintiff responded to, and later supplemented, his discovery responses.  However, Defendant points to numerous instances in which Plaintiff, since representing himself, has flatly refused to produce discovery, including basic information about his prior personal injury lawsuits, medical records relating to the same type of injury he alleges in this case, and wage and employment information (despite admitting he had the information at hand).  *See* Doc. 68 at 8-10.  Moreover, Plaintiff was not represented by counsel at the time the Court entered the Fee Award he subsequently failed to pay.  *Conner*, 20 F.3d at 1380.  Defendant

---

[2] Indeed, the Court notes Plaintiff's virtual abandonment of this cause of action, as evinced by his failure to respond to the instant motion or the First Motion—despite the fact that the relief sought is dismissal of this case. See N.D. TEX. L. CIV. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

does not directly address the prejudice inquiry, so that factor is neutral. *Id.* Nevertheless, given the importance of the discovery sought and that Plaintiff has been sanctioned in the form of attorneys' fees previously and disobeyed that Fee Award as well, the Court finds that a lesser sanction than dismissal with prejudice would not "substantially achieve the desired deterrent effect." *Id.*

Finally, the Court finds that Plaintiff's failure to comply with the Discovery Order and Fee Award was not substantially justified nor are there other circumstances that would make an award of expenses unjust. *See* FED. R. CIV. P. 37(b)(2)(C). Thus, Defendant is entitled to an award of its reasonable attorneys' fees relating to the filing of the First Motion and the instant motion. To that end, Defendant must file a motion for fees and expenses, together with appropriate supporting documentation, **by November 22, 2021**. The supporting documentation may be filed under seal. To be clear, such fees are in addition to the $2,653.00 in attorneys' fees Plaintiff was previously ordered to pay. Doc. 66.

### B. Civil Contempt

Civil contempt sanctions may be employed "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained" due to failure to comply. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04). The moving party must demonstrate that: (1) a court order was in effect; (2) the order required specified conduct by Plaintiff; and (3) Plaintiff did not comply with the order. *See United States v. City of Jackson*, 359 F.3d 727, 731 n.7 (5th Cir. 2004) (citing *Am. Airlines, Inc.*, 228 F.3d at 581). Intent is not relevant to the contempt inquiry, as the question is simply whether the alleged contemnor has failed to comply with the court's order, which showing must

4

be "clear and convincing."  *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citation omitted).

Defendant asserts that the Court should find Plaintiff in contempt of this Court's Discovery Order and Fee Award.  Doc. 68 at 5.  Plaintiff is clearly in contempt of Court because both the Discovery Order and Fee Award have been in effect at all relevant times and both directed Plaintiff to take specified action, which he failed to do.  *City of Jackson*, 359 F.3d at 731 n.7.  Nevertheless, because it is recommended here that Plaintiff's case be dismissed with prejudice and Defendant does not seek a specific contempt sanction, Defendant's request that Plaintiff also be held in contempt is rendered moot. .

## IV.  CONCLUSION

For the foregoing reasons, Defendant's *Second Motion to Enforce Court Orders, and for Sanctions*, Doc. 67, should be **GRANTED** to the extent set forth above, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 1, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).